UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANTREZ JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-00784-TWP-MG |
| ) | |
| ANDERSON POLICE DEPARTMENT, ) | |
| SCOTT MELLINGER, ) | |
| TYLER JUGG, ) | |
| THOMAS BRODERICK, ) | |
| CITY OF ANDERSON/PAUL PODLEJSKI, ) | |
| BRADLEY MILLER, ) | |
| VACCARRO, ) | |
| KELLI, ) | |
| ) | |
| Defendants. ) | |

**SCREENING ORDER**

Plaintiff Dantrez Johnson ("Johnson") is a former inmate at Madison County Jail in Anderson, Indiana. He filed this lawsuit after his arrest by Anderson police officers and confinement in Madison County Jail. The Court exercises his inherent authority to screen the complaint before directing service on the defendants.

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Johnson names the following defendants in his Complaint: Anderson Police Department, Sheriff Scott Mellinger, Jail Commander Tyler Jugg, Thomas Broderick, City of Anderson / Paul Podlejski, Bradley Miller, Officer Vaccarro, and Nurse Kelli. He is seeking compensatory and punitive damages.

> The Complaint alleges as follows: "[I]njured during arrest & no care was given. I was beat & stomped put on a cell full of feces and wrone. I was charged with Battery on a Public Safety Officer. I was attacked while in Madison County Jail."

Dkt. 1, p. 7.   The Complaint does not include any other factual allegations.

## III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be **dismissed for failure to state a claim upon which relief may be granted**.  All claims against Anderson Police Department are dismissed because under Indiana law, a police department is not a suable entity. *See Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011) (citing Ind. Code §§ 36-1-2-10, 11, and 23).

All claims against City of Anderson are dismissed because the complaint does not describe a policy or custom of the City of Anderson that caused Mr. Johnson to suffer a constitutional deprivation. *See Dean v. Wexford Health Sources, Inc.*, 18 F. 4th 214, 236 (7th Cir. 2021).

The claims against all other defendants are dismissed because the complaint does not allege any facts against them. The complaint briefly describes events that occurred during Johnson's arrest and incarceration, but it does not create a reasonable inference that any of the named defendants were personally involved in the events described. "Individual liability under § 1983 requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (cleaned up) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")).

### IV. Opportunity to File an Amended Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the court will allow Mr. Johnson to amend his complaint if, after reviewing this court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

Johnson has **through September 5, 2022, to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of

the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, Mr. Johnson may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order.

Any amended complaint should have the proper case number, 1:22-cv-784-TWP-MG and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**IT IS SO ORDERED**.

Date: 8/15/2022

*[signature]*

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DANTREZ JOHNSON
3204 Ripple Drive
Anderson, IN 46012